UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JERMAIN THOMPSON, #393992

        Petitioner,

v.     2:09CV323

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.  STATEMENT OF THE CASE

#### A.  Background

On October 31, 2008, in the Circuit Court for the City of Norfolk, Virginia, petitioner was convicted of larceny and conspiracy and was sentenced to eighteen years, with ten years suspended. Petitioner did not appeal his convictions.

On July 7, 2009, petitioner filed a petition for writ of habeas corpus in this Court. By Order of July 22, 2009, petitioner was invited to show cause why the petition should not be dismissed for failure to exhaust available state court remedies. On July 31, 2009, petitioner filed a response but stated no valid reason for not exhausting his state court remedies. Petitioner stated that it was his understanding that "once transferred into the Virginia Department of Corrections, an [sic] sentence reconsideration is no longer an option" and that his case

cannot be appealed because he entered a guilty plea. (Pet'r Explanation Doc. #3 at 1.) Because the claims raised herein have never been presented to the state's highest court, the Court has not required respondent to file an answer. This matter is now ripe for consideration.

### B. Ground Alleged

Petitioner sole claim is that the trial court erred in not following the recommended sentencing guidelines, thereby violating petitioner's Sixth Amendment rights. Petitioner alleges that he would not have pled guilty had he known that he would receive a sentence of eighteen years with ten years suspended.

### II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

At the outset, the Court finds that the allegations stated herein are amenable to resolution in a state habeas action, which petitioner has chosen not to pursue. In order to proceed with his claim under § 2254, petitioner must satisfy the statutory exhaustion requirements. Section 2254 provides that:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to

raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)-(c)(2000).

The Court finds that means exist within the state system through which petitioner may address and exhaust his claims. The Court finds no evidence in the record which suggests that petitioner has previously presented the claims to the Supreme Court of Virginia, the last step in petitioner's exhaustion of state remedies. Accordingly, the Court finds that petitioner has not satisfied the exhaustion requirements of Section 2254. Since petitioner has not satisfied the statutory requirements, the Court cannot consider the merits of the claim at this juncture. See Clayton v. Smith, 404 U.S. 53, 54 (1971); Preiser v. Rodriquez, 411 U.S. 475, 489 (1993).

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil

3

Procedure, plus three days permitted by Rule 6(d) of said rules. <u>See</u> 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

    2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

    The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).


                                                                               /s/
                                                    **James E. Bradberry**
                                                    **United States Magistrate Judge**

**Norfolk, Virginia**

**August 3, 2009**

## Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to each of the following:

> Jermain Thompson, <u>pro se</u>, #393992
> Powhatan Correctional Ctr.
> 3600 Woods Way
> State Farm, VA  23160

Fernando Galindo, Clerk

By _____
       Deputy Clerk

_August 3_____, 2009